IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                  NO. 28,245

BILLY MACKEY, SR.,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Don Maddox, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
James W. Grayson, Assistant Attorney General
Albuquerque, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

    Defendant Billy Mackey, Sr. appeals from the district court's judgment and sentence convicting him of two counts of trafficking a controlled substance, cocaine,

second degree felonies. He argues on appeal that (1) the district court abused its discretion by admitting the substances at issue into evidence because the State did not establish the proper chain of custody, and (2) there was insufficient evidence identifying Defendant as the person selling the controlled substance to the agent. We affirm.

**CHAIN OF CUSTODY**

As to Defendant's first issue, Agent Nick Jimenez of the New Mexico State Police Narcotics Section testified as follows regarding the substances marked as State's Exhibits 1 and 2. Agent Jimenez received the substance in Exhibit 1, two rocks and crumbs of crack cocaine, from Defendant and carried it in his hand or a paper bag to the task force, where he field tested it. He then placed it in a baggie, initialed the baggie, and placed it in a larger Mylar bag, which he heat sealed. He wrote the date and the suspect's name on the Mylar bag, prepared an evidence receipt, and mailed the evidence by registered mail with a return receipt to the laboratory in Las Cruces. It was opened at the laboratory, which was shown by red tape marking the bag where it was opened. Agent Jimenez later picked up the substance from the laboratory. He followed the same procedure with Exhibit 2, also "a couple rocks and some crumbs" of crack cocaine that he received from Defendant later on the same day.

He carried it in his hand to the task force, field tested it, and placed it in a small bag, which he initialed, dated, and placed inside a Mylar bag. On the Mylar bag, he wrote the date, the suspect's name and address, and the place and amount of purchase. He prepared an evidence receipt and mailed the evidence by registered mail to the laboratory. Again, he could tell from the red tape on the Mylar bag that personnel at the laboratory had opened it. When he received both exhibits back from the laboratory, he placed them in the evidence vault, where they stayed until he brought them to court for trial.

Eric Young, a forensic scientist at the Southern Forensic Laboratory in Las Cruces, provided the following testimony about the procedures followed at the laboratory with regard to the exhibits. Both exhibits had tracking stickers denoting the dates and times they were in possession of laboratory employees. Both exhibits were received via registered mail by evidence custodian Michael Bario and placed unopened in the evidence vault. Tamara Borger, another evidence custodian, retrieved them from the evidence vault, after which they went to Agent Jimenez. The evidence custodians observe evidence received and note any problems such as holes or tears in the packaging. They do not open the packages. They did not note any problems with Exhibits 1 and 2. A chemist will analyze evidence and return it to the evidence vault,

generally in its original packaging. The chemist will seal the package with laboratory evidence tape, recording the date, initials, and case number. Exhibits 1 and 2 show that they were tested by Danielle Elenbaas on October 5, 2005 and sealed with the laboratory tape in their original packaging.

We review the receipt of evidence under an abuse of discretion standard. *State v. Rubio*, 2002-NMCA-007, ¶ 16, 131 N.M. 479, 39 P.3d 144. Real or demonstrative evidence will be admissible if it is identified in either of two ways: "visually or by establishing custody of the object from the time of seizure to the time it is offered into evidence." *Id.* (internal quotation marks and citation omitted). The evidence need not "exclude all possibility of tampering." *Id.* All that is required is that a preponderance of the evidence establishes that the evidence "is what it purports to be." *Id.*

The evidence presented at trial met this standard. Agent Jimenez testified that he obtained, packaged, recorded notations on, mailed, and later picked up the evidence. He visually identified the Mylar bag he used. Eric Young testified about the procedures used at the laboratory to secure and track evidence and stated the ways in which Exhibits 1 and 2 were handled from the time they were received at the laboratory until they were released.

Defendant additionally argues that the evidence was inadmissible because links

in the chain of custody were established only through hearsay evidence in Eric Young's testimony. However, hearsay evidence is admissible to establish preliminary questions pertaining to the admissibility of evidence. *See* Rule 11-104(A) NMRA (stating that preliminary questions concerning the admissibility of evidence shall be determined by the court without constraint of the rules of evidence except concerning privilege); *State v. Martinez*, 2007-NMSC-025, ¶ 19, 141 N.M. 713, 160 P.3d 894 (stating that "the rules of evidence, except those concerning privileges, do not apply" under Rule 11-104(A)). The district court did not abuse its discretion in admitting Exhibits 1 and 2 despite the hearsay testimony. *See State v. Peters*, 1997-NMCA-084, ¶¶ 25-27, 123 N.M. 667, 944 P.2d 896 (finding no abuse of discretion even though the defendant argued that individuals in the chain of custody did not testify).

Defendant further argues that the hearsay testimony implicates the rules of evidence and the Confrontation Clause of the United States and New Mexico constitutions and that, therefore, Eric Young's testimony concerning the laboratory report was inadmissible. But Defendant does not state the manner in which he raised this issue in the district court. When the State moved to admit Exhibits 1 and 2, Defendant objected as follows: "I would object as to chain of custody that some of the witnesses were not present who had handled the evidence. And, you know, there

has been testimony of the procedures. It is, nonetheless, hearsay." The district court denied the motion, stating that "an appropriate chain has been established."

To preserve an issue for appellate review, "it must appear that a ruling or decision by the district court was fairly invoked." Rule 12-216(A) NMRA; *State ex rel. Children Youth & Families Dep't v. Kathleen D.C.*, 2007-NMSC-018, ¶ 9, 141 N.M. 535, 157 P.3d 714. Defendant's objection addressed only the chain of custody with regard to Exhibits 1 and 2. The reference to "procedures" was to the laboratory procedures for securing and tracking evidence. The district court only ruled on the admissibility of Exhibits 1 and 2 based on the chain of custody. Defendant did not preserve any issue concerning the substance of Eric Young's testimony about the laboratory reports.

**SUFFICIENCY OF THE EVIDENCE**

Defendant argues that the evidence was not sufficient to show that he was the person who sold the controlled substance to Agent Jimenez. He contends that when Agent Jimenez returned to make a second purchase and stated, "where's Billy," this indicated that Agent Jimenez did not know that Defendant was the same person who sold him controlled substances in his first visit. According to Defendant, the evidence does not support a guilty verdict beyond a reasonable doubt because it was "equally

consistent with two hypotheses" and therefore "tends to prove neither." *State v. Garcia*, 114 N.M. 269, 275, 837 P.2d 862, 868 (1992) (internal quotation marks and citation omitted). We do not agree.

When reviewing the sufficiency of the evidence, we determine whether the evidence, when viewed "in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict . . . could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Graham*, 2005-NMSC-004, ¶ 6, 137 N.M. 197, 109 P.3d 285 (internal quotation marks, citations, and emphasis omitted).

Defendant's argument challenges only his participation in the criminal activity charged. He contends that Agent Jimenez "did not know who Defendant was, nor could he reliably identify Defendant as the person from whom he made his first purchase." When Agent Jimenez returned at 5:27 p.m., he saw two people sitting in front of the residence, one of whom was Defendant. Agent Jimenez "asked for Billy," referring to Defendant, and Defendant approached Agent Jimenez' vehicle. Agent Jimenez then followed Defendant into the residence and made a second purchase from Defendant. At trial, Agent Jimenez identified Defendant in the courtroom. He also

testified that he had not met Defendant before the day of the purchases, but he had seen him at a distance.

Although Agent Jimenez "asked for Billy" when he returned to the residence, the jury found that there was sufficient evidence to find that Agent Jimenez knew that he was dealing with Defendant. The jury could have resolved this factual question in Defendant's favor, but it did not. *See State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence."). We will not substitute our judgment for that of the jury as factfinder. *Graham*, 2005-NMSC-004, ¶ 11.

**CONCLUSION**

We affirm the district court's judgment and sentence.

**IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**CELIA FOY CASTILLO, Judge**